**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BERTHA WELLS, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | NO.    01-CV-5969 |
| v. | : | |
| | : | (formally NO.  02-CV-4103) |
| ROBERT E. WULLER, ET AL. | : | |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS,
ROBIN HILL AND JAMILL TAYLOR**

Answering Defendants, Robin Hill and Jamill Taylor (hereinafter referred to as "Answering Defendants," "Defendant Hill" and/or "Defendant Taylor") by and through their undersigned counsel, answers Plaintiffs' Complaint and asserts Affirmative Defenses as follows:

1.      Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

2.      Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

3.      Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

4.      Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

5.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

6.     Admitted.

7.     Admitted.

8.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

9.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

10.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

11.    Admitted in part, denied in part.  It is admitted Answering Defendants are police personnel for the City and County of Philadelphia.  As to the remaining allegations, those allegations are either conclusions of law or directed to other defendants, and therefore no response by Answering Defendants is required herein.

12.    Admitted in part, denied in part.  It is admitted Defendant Hill was a Police Lieutenant in the 19th District during the times concerned herein.  As to the remaining allegations, those allegations are either conclusions of law or directed to other defendants, and therefore no response by Answering Defendants is required herein.

13.    Admitted in part, denied in part.  It is admitted Defendant Taylor was a Police Sergeant in the 19th District during the times concerned herein.  As to the remaining allegations, those allegations

are either conclusions of law or directed to other defendants, and therefore no response by Answering Defendants is required herein.

14.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

15.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

16.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

17.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

18.    Admitted in part, denied in part.  It is admitted Answering Defendants are police personnel for the City and County of Philadelphia and to that extent, acting under the color of state law at all times relevant herein.  As to the remaining allegations, those allegations are either conclusions of law or directed to other defendants, and therefore no response by Answering Defendants is required herein.

19.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

20.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

21.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

22.     Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

23.     Admitted in part, denied in part.  It is admitted only that Answering Defendants were supervisors of Police Officers Wuller and Szczepkowski and were apprized, to a certain extent, of Police Officers Wuller and Szczepkowski's involvement with plaintiffs' vehicle.   As to the remaining allegations, those allegations are specifically denied.

24.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.  To the extent that the allegations are directed to a defendant other than the Answering Defendants, no response is required.

25.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.  To the extent that the allegations are directed to a defendant other than the Answering Defendants, no response is required.

26.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.  To the extent that the allegations are directed to a defendant other than the Answering Defendants, no response is required.

27.     Denied.  Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly

denied.  To the extent that the allegations are directed to a defendant other than the Answering Defendants, no response is required.

## COUNT I

28.    Answering Defendants incorporate by reference the foregoing answers as though the same were fully set forth herein at length.

29.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

30.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

31.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

32.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT II

33.    Answering Defendants incorporate by reference the foregoing answers as though the same were fully set forth herein at length.

34.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendants, those allegations are denied.

5

35.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's decedent's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

36.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's decedent's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

37.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's decedent's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT III

38.    Answering Defendants incorporate by reference the foregoing answers as though the same were fully set forth herein at length.

39.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

40.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

41.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

42.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

### COUNT IV

43.    Answering Defendants incorporate by reference the foregoing answers as though the same were fully set forth herein at length.

44.    Admitted in part, denied in part.  It is admitted only that Answering Defendants were at all times acting under color of law.  As to the remaining averments contained in this paragraph, those averments are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

45.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.

46.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendants, those allegations are denied.

47.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendants, those allegations are denied.

48.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendants, those allegations are denied.

49.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendants, with exception of the averment that Answering Defendants were acting under color of state law, those allegations are denied.

50.    Denied.  The averments contained in this paragraph are directed to a defendant other than the Answering Defendants, and therefore no response by Answering Defendants are required herein.

51.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendants, those allegations are denied.

52.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.  To the extent, if at all, that the averments contained in this paragraph are factual allegations concerning Answering Defendants, those allegations are denied.

53.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's decedent's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT V

54.      Answering Defendants incorporate by reference the foregoing answers as though the same were fully set forth herein at length.

55.      Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.

56.      Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.

57.      Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

58.      Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

59.      Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

60.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

61.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

62.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

63.    Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

COUNT VI

64.    Answering Defendants incorporate by reference the foregoing answers as though the same were fully set forth herein at length.

65.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.

66.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required.

67.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's decedent's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

68.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

69.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

70.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

71.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

72.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## COUNT VII

73.     Answering Defendants incorporate by reference the foregoing answers as though the same were fully set forth herein at length.

74.     Denied.  The averments in this paragraph contain conclusions of law to which no responsive pleading is required and the same are accordingly denied.  As to the remaining allegations concerning plaintiff's alleged injuries, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the averments in this paragraph, and the same are accordingly denied.

WHEREFORE, Answering Defendants demand judgment in their favor and against Plaintiffs together with costs, attorney's fees and such other relief as the Court deem appropriate.

## AFFIRMATIVE DEFENSES

1.      Plaintiffs have failed to state a claim under 42 U.S.C. §§ 1981 - 1988, and under any Amendment to the U.S. Constitution for which relief can be granted, as the same relates to Answering Defendants.

2.      Plaintiffs have failed to state a cause of action against Answering Defendants upon which relief may be granted.

3.      Answering Defendants are protected by good faith, qualified and/or absolute immunities against the claims asserted by the plaintiffs.

4.      The claims of the plaintiffs are barred or limited to the extent that Answering Defendants are protected by the defenses, immunities and limitations of damages set forth under the "Political Subdivision Tort Claims Act,"  42 Pa.C.S. Sec. 8541, et seq.

5.      Answering Defendants assert every defense available to them under the existing Civil Rights Act.

6.      At all times material hereto, Answering Defendants were acting within the course and scope of there employment with the City of Philadelphia and under the color of state law.

7.      At all times material hereto, Answering Defendants were acting within their official capacity with the City of Philadelphia.

8.      This Court lacks subject matter jurisdiction over all or some of the plaintiffs' claims.

9.      This Court should abstain from the exercise of jurisdiction over all or some of the plaintiffs' claims.

10.     The plaintiffs' claims are barred, in whole or in part, by applicable statues of limitation.

11.     Answering Defendants are not subject to claims for punitive damages.

12.     Any and all actions by the Answering Defendants were lawful.

13.     Plaintiff is not entitled to the damages which they seek.

14.    Plaintiffs' claims are barred by the doctrines of collateral estoppel, <u>res judicata</u>, or other doctrine of issue or claim preclusion.

15.    Plaintiffs' alleged injuries are the result of intervening or superseding causes produced by the acts or omissions of plaintiff and/or a third-party or third-parties, and not Answering Defendants.

16.    The injuries of which Plaintiff complain were caused by his own conduct, his own contributory conduct, or assumption of the risk.

**KOLANSKY, TUTTLE & ROCCO, P.C.**


By: _____
Jeffrey M. Kolansky, Esquire
James A. Rocco, III, Esquire
1429 Walnut Street
Suite 1300
Philadelphia, Pennsylvania 19102
Tel: (215) 963-9517

Attorneys for Defendant
Lieutenant Robin Hill
Sergeant Jamill Taylor

Dated: August 9, 2002

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

BERTHA WELLS, et al.,         :
                         :
                         :    NO.    01-CV-5969
      v.                :
                         :    (formally NO.  02-CV-4103)
ROBERT E. WULLER, ET AL.   :
                         :

---

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the Answer with Affirmative Defenses of Defendants, Lieutenant Robin Hill and Sergeant Jamill Taylor, to Plaintiffs' Complaint has been served upon the following attorneys by first class mail, on the date and to the places indicated below:

Alfred V. Altopiedi, Esquire
900 Old Marple Road
Springfield, PA 19064

Michael R. Resnick
Divisional Deputy City Solicitor
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102-1595

David A. Soltz, Esquire
Sand and Saidel, P.C.
113 South 21st Street
Philadelphia, PA 19103

**KOLANSKY, TUTTLE & ROCCO, P.C.**

By: _____
James A. Rocco, III, Esquire

Dated: August 9, 2002